**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL EUGENE LONDON,<br><br>    Petitioner,<br><br>vs.<br><br>A.A. LAMARQUE<br><br>    Respondent. | No. 2:03-CV-0175-RRB-KJM P<br><br>**ORDER** |

        Petitioner Michael Eugene London ("Petitioner") is a state prisoner proceeding <u>pro se</u> with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On January 27, 2006, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.

ORDER DENYING MOTION TO DISMISS - 1
2:03-CV-0175-RRB-KJM P

Petitioner has field objections to the findings and recommendations (Docket No. 15).[1]

Inasmuch as the Court concludes the issue before it is based in law, i.e., a legal dispute re adequate jury instructions, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the court has conducted a de novo review of the relevant pleadings filed in this matter. Having carefully and thoroughly reviewed the same, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In particular, the Court notes California has previously rejected the defense of transitory possession of a firearm by a felon. See People v. Pepper, 41 Cal. App. 4th 1029, 1035-38 (Cal. Ct. App. 1996). Thus, Defendant's requested jury instruction was not required as a matter of law. Moreover, even if the defense were technically available, which conclusion the Court does not reach herein, the specific facts of this case would not warrant it. Indeed, a careful review of the facts - even as proffered by Defendant - reveals Defendant ran from police when contacted by them and made no effort to disclose the subject weapon and/or

---

[1] Within his objections Petitioner asserts the Magistrate Judge failed to consider his "Reply Brief," which Petitioner claims was filed on May 1, 2003. The record does not show, however, that Petitioner filed a "Reply Brief" on or about May 1, 2003. Notwithstanding, in conjunction with the Court's Order, dated April 13, 2006, Petitioner's "Reply Brief" was ultimately filed on May 8, 2006, and properly considered by the Court.

ORDER DENYING MOTION TO DISMISS - 2
2:03-CV-0175-RRB-KJM P

ammunition to them. The Court concludes, therefore, that Defendant's conduct was <u>not</u> consistent with one innocently attempting to dispose of the items in question.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (Docket No. 10) filed January 27, 2006, are adopted in full.

2. Petitioner's application for a writ of habeas corpus (Docket No. 1) is **DENIED**.

ENTERED this 2nd day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS - 3
2:03-CV-0175-RRB-KJM P